IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JEROME ROBERT POSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV298 |
| | ) | |
| MR. WAYNE TALBERT, | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. Plaintiff has failed to provide a sufficient number of copies. Plaintiff must submit the original, one copy for the Court, and one copy for each defendant named.

3. Plaintiff indicates in the Complaint that he has not exhausted available administrative remedies. (Docket Entry 1, § III.) Exhaustion is required before Plaintiff may bring this action. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001). The failure to exhaust is clear from the face of the complaint, and Plaintiff has had an opportunity to address the issue on the form itself and explain why he has not exhausted his available remedies. See Anderson v. XYZ Correctional

Health Servs., 407 F.3d 674 (4th Cir. 2005). However, he has given no explanation. Plaintiff must exhaust his administrative remedies before refiling his Complaint.

4. Plaintiff's factual allegations do not set out any claim for relief. The entire statement of his claim is "I know that my mail is being tampered with and these people listed as my defendants are going through my mail and not giving me the mail that I [am] suppose [sic] to receive. It is not fair at all." (Docket Entry 1, § V.) This statement is entirely conclusory and devoid of any facts that would allow a response from Defendants. Plaintiff must more fully set out the facts supporting his claim so that Defendants and the Court can understand what actions he is alleging occurred and violated his rights.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (i.e., Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (i.e., Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, and correcting the defects cited above, after Plaintiff has exhausted his administrative remedies as to his claims.

                                                /s/ L. Patrick Auld
                                                   **L. Patrick Auld**
                                      **United States Magistrate Judge**

Date: May 4, 2012